UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOE CORPORATION 1, *et al.*,

    Plaintiffs,

    v.

INTER-AMERICAN DEVELOPMENT
BANK,

    Defendant.

Civil Action No. 25-1404

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are corporate entities who have filed this lawsuit against the Inter-American Development Bank, claiming that the IDB has improperly initiated sanctions proceedings against them. See ECF No. 1 (Compl.), ¶¶ 1–4. Doe Corporations allege that those proceedings violate both Defendant's governing charter and its contracts with Plaintiffs. Id., ¶ 2. Concerned that revealing that they are the subjects of the IDB's sanctions proceedings would result in "reputational harm," "crater new business," and "jeopardize existing projects," Doe Corporations now move to proceed under pseudonyms. See ECF No. 2-1 (Mot.) at 2. As Plaintiffs have not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.    Legal Standard**

Generally, a complaint must identify the plaintiff. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of

1

governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

Although their Motion raises close questions, Plaintiffs have, for now, not met their burden to show that their privacy interests outweigh the public's presumptive and substantial interest in learning their identities.  The Court will address each of the five factors in turn.

First, disclosure of Plaintiffs' identities will not reveal any information of a "sensitive [or] highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97). The Complaint reveals no "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as sexual activities, reproductive rights, [and] bodily autonomy." Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). Although the harms Plaintiffs allege do not fall into that category, they nonetheless maintain that disclosure would "cause severe reputational and financial harm." Mot. at 9. These concerns are certainly relevant to the first factor. See Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020) (weighing whether disclosure of allegations of professional misconduct against plaintiff would limit her ability to practice medicine). They cannot, however, be mere "speculative and unsubstantiated claims of harm." John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (citation omitted).

Here, Plaintiffs have provided adequate evidence to support "their contention that public disclosure that they are subject to an ongoing [IDB] investigation would likely cause them debilitating reputational and financial hardship." Id. at 21. They submit a declaration from John Doe, the "Group Chief Legal Officer and General Counsel of Doe Corporation 1, the parent company of Doe Corporation 2, Doe Corporation 3, and Doe Corporation 4." ECF No. 2-2 (John Doe Decl.), ¶ 2. Doe explains that "Doe Corporations will suffer severe and permanent harm if their identities are disclosed." Id., ¶ 4. Like the declarant in John Doe Co. No. 1, Doe has "substantial experience" in the relevant industry. Id., ¶ 3. And like the John Doe Co. No. 1 declarant, Doe notes the "highly competitive nature of Doe Corporations' industry" and the likelihood that Plaintiffs will lose business from current and potential customers. Id., ¶ 10; see John Doe Co. No. 1, 195 F. Supp. 3d at 21. He explains that "Doe Corporations rely to a

3

significant degree on their hard-earned reputation for ethical dealings and regulatory compliance when soliciting new customers, maintaining current customers, and obtaining approvals from governments and regulatory authorities typically needed to conduct their business activities"; indeed, "[e]ntities accused of or adjudicated to have engaged in corrupt conduct are often barred from or otherwise disadvantaged in participating in commercial tenders."  Doe Decl., ¶ 7.  Doe buttresses those assertions with specific examples of harm Doe Corporations have already suffered.  He recounts an instance in which a government agency "reversed course and barred [a subsidiary of Doe Corporation 1] from participating in [an] event on account of supposed 'integrity concerns' that the IDB had raised about Doe Corporations."  Id., ¶ 9.  He also avers that the government of the country in which the relevant commercial project is sited is likely to terminate its agreement with Doe Corporations based on Defendant's allegations.  Id., ¶ 11.  This, then, is not a case in which Plaintiffs have "merely asserted that disclosure of the ongoing investigation could fracture the plaintiffs' business relationships" or only "loosely identified the mechanism for potential damage but did not more specifically explain why harm was likely to result."  John Doe Corp. v. PCAOB, 2025 WL 304795, at *3 (D.D.C. Jan. 27, 2025).  Doe Corporations have instead provided sufficient explanations and support to succeed under the first factor.

The second and third factors, however, support disclosure.  Plaintiffs do not express any fear that the IDB will retaliate against them, nor do they contend that any minors are involved.  Whether these factors are thereby framed as "inapplicable," Doe v. Merrill Lynch, 2016 WL 10844617, at *1 (D.D.C. Apr. 28, 2016), or weighing "in favor of disclosure," id., their disposition makes Plaintiffs' Motion less compelling insofar as they fail to support the use of a pseudonym.

4

The fourth factor also supports disclosure. The IDB is "an international organization that was created by a multinational agreement." Compl., ¶ 35. While it is not a governmental actor, it nevertheless has a quasi-governmental structure and purpose and therefore may "not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)). Regardless of the governmental status of Defendant, moreover, this Court favors pseudonymity in lawsuits against a government defendant only when plaintiffs request <u>individualized</u> relief. Plaintiffs' challenge is not grounded in their specific circumstances or limited to individualized relief; as they explain, they seek "to resolve questions of law — including those concerning the IDB's immunity and compliance with contractual duties — on an undisputed factual record." Mot. at 15. Because their "arguments would clearly apply beyond [their] case," this factor weighs against pseudonymity. John Doe Corp. v. PCAOB, 2025 WL 304795, at *3.

The fifth factor, on the other hand, supports pseudonymity. Defendant would suffer no "risk of unfairness" if the Motion were granted, as it is already aware of Plaintiffs' identities. See Mot. at 15; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).

In sum, the first and fifth factors weigh in favor of granting pseudonymity. Because the second, third, and fourth factors support disclosure, however, the Court concludes that Doe Corporations have not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion for Leave to File Under Pseudonym is DENIED;

2. Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing the Complaint on the public docket using their real names, and, if so, shall also file their [2] Motion on the public docket as an appendix to the Notice; and

3. If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: May 15, 2025