**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, and DOE CORPORATION 4,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>INTER-AMERICAN DEVELOPMENT BANK,<br><br>　　　　　Defendant. | Civil Action No. 1:25-cv-1404 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO RECONSIDER THE MAY 14, 2025 ORDER DENYING PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL STANDARD ........................................................................................................... 2

ARGUMENT........................................................................................................................ 2

I.    The Order's Inflexible Application of a Multi-Factor Test Conflicts with D.C. Circuit Precedent and Other Decisions from this District. .............................................. 2

II.    The Order Will Have Far-Reaching Consequences. ....................................................... 7

CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

### CASES

*Cobell v. Norton*,
    224 F.R.D. 266 (D.D.C. 2004) ............................................................................................... 2

*In re Grand Jury Subpoena No. 11116275*,
    No. 11-527 (RCL), 2012 WL 692866 (D.D.C. Feb. 23, 2012) ........................................ 7

*In Def. of Animals v. National Inst. of Health*,
    543 F.Supp.2d 70 (D.D.C. 2008) ............................................................................................ 2

*J.W. v. District of Columbia*,
    318 F.R.D. 196 (D.D.C. 2016) ............................................................................................ 6, 7

*John Doe Co. No. 1 v. CFPB*,
    195 F. Supp. 3d 9 (D.D.C. 2016) ...................................................................................... 4, 5, 8

*John Doe Co. v. CFPB*,
    321 F.R.D. 31 (D.D.C. 2017) .............................................................................................. 4, 6

*John Doe Corp. v. Public Co. Acct. Oversight Board*,
    No. H-24-1103, 2024 WL 5275034 (S.D. Tex. June 10, 2024) ................................... 6, 8

*John Doe Corp. v. Public Co. Acct. Oversight Board*,
    No. 25-70 (JEB), 2025 WL 304795 (D.D.C. Jan. 27, 2025) ........................................... 6

*R.F.M. v. Nielsen*,
    365 F. Supp. 3d 350 (S.D.N.Y. 2019) ................................................................................... 7

*In re Sealed Case*,
    971 F.3d 324 (D.C. Cir. 2020) ............................................................................................ 3, 5

*In re Sealed Case*,
    931 F.3d 92 (D.C. Cir. 2019) .................................................................................................. 3

*Taseko Mines Ltd. v. Raging River Capital*,
    185 F. Supp. 3d 87 (D.D.C. 2016) ......................................................................................... 2

*Doe v. Teti*,
    2015 WL 6689862 (D.D.C. Oct. 19, 2015) ........................................................................ 5

### STATUTES

Fed. R. Civ. P. 54(b) .................................................................................................................. 2

Plaintiffs Doe Corporation 1, Doe Corporation 2, Doe Corporation 3, and Doe Corporation 4 (collectively, "Doe Corporations"), by and through undersigned counsel, respectfully submit this Memorandum of Points and Authorities in support of their Motion to Reconsider the May 14, 2025 Order Denying Plaintiffs' Motion to Proceed Under Pseudonym.

## **PRELIMINARY STATEMENT**

In its May 14, 2025 Memorandum Opinion and Order (the "Order"), the Court denied Doe Corporations' motion to litigate this action pseudonymously. The Court concluded that Doe Corporations had presented sufficient evidence to establish that the "public disclosure that they are subject to an ongoing [IDB] investigation would likely cause them *debilitating reputational and financial hardship.*" Order, ECF No. 6, at 3 (emphasis added). And the Court further determined that Defendant Inter-American Development Bank (the "IDB") "would suffer no 'risk of unfairness'" if Doe Corporations proceeded pseudonymously. *Id.* at 5. Nevertheless, the Court denied relief on the basis that Doe Corporations—which, to be clear, are corporations and not individuals—had not shown "a risk of retaliatory physical or mental harm," that the "ages" of Doe Corporations did not support pseudonymity, and that Doe Corporations' claims are asserted against a quasi-government actor and not "individualized."

The Order improperly displaces the governing functional standard with a wooden test and effectively rules out pseudonymity for any non-individual plaintiff challenging government or quasi-government action, in conflict with opinions of the D.C. Circuit and other courts in this District. If allowed to stand, the Order will remove an important tool for checking official power and augur a chilling of suits against state actors. To prevent these unintended but far-reaching consequences, and to preserve the well-established flexibility of the pseudonymity inquiry, Doe

Corporations respectfully request that the Court reconsider its Order and permit Doe Corporations to proceed under pseudonym in this action.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(b), a court may revise an interlocutory order "at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). The touchstone is whether reconsideration is appropriate "as justice requires," *Taseko Mines Ltd. v. Raging River Cap.*, 185 F. Supp. 3d 87, 90 (D.D.C. 2016) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). Courts thus have granted such motions where "'the court patently[] misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or . . . a controlling or significant change in the law has occurred.'" *Id.* (quoting *In Def. of Animals v. Nat'l Inst. of Health*, 543 F.Supp.2d 70, 75 (D.D.C. 2008)).[1]

## ARGUMENT

**I.  The Order's Inflexible Application of a Multi-Factor Test Conflicts with D.C. Circuit Precedent and Other Decisions from this District.**

The Order wrongly applies a rigid standard that gives short shrift to the most critical considerations, improperly precludes non-individuals from pseudonymously challenging official action, and misapplies the fourth factor of its adopted test.

*First*, the Order's mechanical application of the multi-factor test—Doe Corporations lose because three factors support disclosure while two factors support pseudonymity—sharply conflicts with D.C. Circuit precedent. The Order concluded that Doe Corporations had satisfied

---

[1]  In their Motion to Proceed Under Pseudonym, Doe Corporations requested leave to submit further briefing should the Court conclude that a multi-factor test applies. ECF No. 2-1, at 7 n.1. While Doe Corporations continue to believe that the more general balancing test should control in cases in which the plaintiffs are corporations, they submit this Motion to Reconsider to address the multi-factor standard that the Court applied in its Order.

2

the first and fifth factors of the five-part test adopted in *In re Sealed Case*, 931 F.3d 92 (D.C. Cir. 2019): Doe Corporations have shown that the "public disclosure that they are subject to an ongoing [IDB] investigation would likely cause them debilitating reputational and financial hardship," Order at 3, and the IDB "would suffer no 'risk of unfairness' if the Motion were granted," *id.* at 5. On the other side of the ledger, the Order found that Doe Corporations had flunked the remaining three elements of the five-part standard. Without any analysis or balancing, the Order added up the score (three points in favor of disclosure against two points in favor of pseudonymity) and denied the motion. *Id.*

The Order's mechanical treatment of the five factors clashes with the D.C. Circuit's admonition that the operative standard encompasses a "balancing test" that is "necessarily flexible and fact driven." *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020). The D.C. Circuit cautioned that its "singling out" of five factors "should not lead a trial court to engage in a wooden exercise of ticking the five boxes." *In re Sealed Case*, 931 F.3d at 97. Yet the Order engaged in precisely this type of forbidden analysis. Worse still, the Order did not view the five factors as "guideposts from which a court ought to *begin* its analysis," *id.* (emphasis added). Instead, without any explanation of why Doe Corporations' showings on the first and fifth factors must yield to the other three factors, the Court added up the totals and denied the request without elaboration. Order at 6 ("In sum, the first and fifth factors weigh in favor of granting pseudonymity. Because the second, third, and fourth factors support disclosure, however, the Court concludes that Doe Corporations have not met 'the weighty burden' of 'demonstrating a concrete need' for pseudonymity in this lawsuit.").

The Order's discounting of Doe Corporations' showings on the first and fifth factors clashes with other decisions in this District. In circumstances similar to those presented in this

3

case, courts have concluded that a showing of harm upon disclosure of identity, when coupled with the absence of prejudice to the opposing party, amply justifies pseudonymity. *See, e.g.*, *John Doe Co. v. CFPB*, 321 F.R.D. 31, 35 (D.D.C. 2017) (permitting plaintiff corporation to appear pseudonymously where it "described the 'grave injury to its reputation and business [if] the [CFPB's] investigation is disclosed'" and "the plaintiff's identity is already known to the CFPB" (second alteration in original) (citation omitted)); *John Doe Co. No. 1 v. CFPB*, 195 F. Supp. 3d 9, 21, 23 (D.D.C. 2016) (granting request to litigate pseudonymously where plaintiff corporations demonstrated that "public disclosure that they are subject to an ongoing CFPB investigation would likely cause them debilitating reputational and financial hardship," and that "[t]here is no evidence . . . that the CFPB has been prejudiced—or will be prejudiced—by the pseudonymous treatment of this case").

The Order's disregard of the D.C. Circuit's flexible analysis, and the cases applying it in analogous circumstances, thus justifies reconsideration.

***Second***, the Order makes it all but impossible for non-individual plaintiffs to challenge official acts under pseudonym. Such plaintiffs, like Doe Corporations here, by definition cannot satisfy two parts of the five-factor test. Non-individual plaintiffs, of course, cannot face a "risk of retaliatory physical or mental harm," Order at 2. Nor can non-individual plaintiffs qualify as "minors" whose "age[]" weighs in favor of protecting their "privacy interests," *id*. Courts in this District have recognized as much, explaining that "the 'risk of retaliatory physical or mental harm' to the movant or a third party, or the age of the movant, are inapplicable in cases concerning a business." *John Doe Co.*, 321 F.R.D. at 34 (noting also that the five factors "are a 'poor fit for a case in which a movant is a business . . . that seeks to avoid grave reputational and financial injury'") (citation omitted).

4

Yet the Order gives these two factors full and equal weight without grappling with the impossibility of a non-individual plaintiff establishing either, placing a giant thumb on the scales against pseudonymity in any case involving a non-individual plaintiff. The upshot is that the fourth factor—"whether the action is against a governmental or private party," Order at 2—becomes dispositive. According to the Order, this fourth factor "supports disclosure" of a plaintiff's identity whenever a plaintiff challenges government or quasi-government action and the plaintiff's arguments would "apply beyond [its] case." *Id.* at 5. A non-individual plaintiff thus can *never* pseudonymously challenge official action if its arguments might extend beyond its own case— even if that plaintiff establishes "debilitating" reputational and financial harm from disclosure of its identity and the lack of any prejudice to the defendant from pseudonymity.

By granting a single factor outcome-determinative importance and embracing a categorical rule, the Order once more disregards the D.C. Circuit's guidance that the governing test is "necessarily flexible and fact driven." *In re Sealed Case*, 971 F.3d at 326.

***Third***, the Order wrongly applies the fourth factor of the *In re Sealed Case* test. For starters, the Order disregards the minimal importance of this factor. As one court explained, "[t]here is nothing self-evident about favoring or not favoring anonymity based upon the defendant being either a government or private party." *Doe v. Teti*, Case 1:15-mc-01380, 2015 WL 6689862, at *3 (D.D.C. Oct. 19, 2015); *see also*, *e.g.*, *John Doe Co. No. 1*, 195 F. Supp. 3d at 17 (noting that "while some courts have suggested that '[w]hen a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing,'" other courts have "questioned the relevance of this consideration" (citations omitted)). Although it recited the point, moreover, the Order failed to credit in its analysis that "[c]ourts have concluded that anonymous litigation is

5

more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" *J.W. v. District of Columbia*, 318 F.R.D. 196, 201 (D.D.C. 2016) (citation omitted).

Instead, citing a single case, the Order adopted the categorical role that pseudonymity is "favor[ed] . . . in lawsuits against a government defendant only when plaintiffs request <u>individualized</u> relief." Order at 5. If construed in a narrow sense, Doe Corporations' claims easily fit the bill: they seek only to enjoin the IDB's sanctions proceedings against them. Doe Corporations do not seek any broader relief. Any more expansive application of this principle would make it impossible for anyone—individual or non-individual—to satisfy this factor when suing official actors. It is the rare case indeed in which no argument could apply beyond that single action. Presumably in recognition of this common-sense proposition, courts have permitted plaintiffs to proceed pseudonymously in suits against official actors even when their claims swept far beyond their individual cases. *See, e.g.*, *John Doe Co.*, 321 F.R.D. at 32 (challenge to the constitutionality of the CFPB's structure, among other things); *John Doe Corp. v. Pub. Co. Acct. Oversight Bd.*, No. H-24-1103, 2024 WL 5275034 (S.D. Tex. June 10, 2024) (challenge to the constitutionality of actions by and structure of the Public Company Accounting Oversight Board).[2]

---

[2] The lone case on which the Order relies to support its analysis is readily distinguishable. *John Doe Corp. v. Pub. Co. Acct. Oversight Bd.*, No. 25-70 (JEB), 2025 WL 304795, at **1, 3 (D.D.C. Jan. 27, 2025) (denying motion to proceed under pseudonym where first factor "weigh[ed] against granting the Motion" and where plaintiff's claims challenged the constitutionality of the Public Company Accounting Oversight Board's funding, appointments, and disciplinary process), *appeal filed*, No. 25-7019 (D.C. Cir. Feb. 15, 2025). In sharp contrast, the Order concluded that the first factor weighs in favor of Doe Corporations' pseudonymity. And Doe Corporations' claims are far more narrow than those in *John Doe Corp.*, which attacked the constitutionality of the heart of the Board's operations.

The Order also disregards that the public's interest in knowing a plaintiff's identity is significantly weaker where, as here, a case presents "purely . . . questions of law." *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 372 (S.D.N.Y. 2019). "The particular identities of the plaintiffs" in these circumstances "have 'little bearing on the nature of the dispute or the merits of the case,' and the issue of the plaintiffs' identities is 'largely irrelevant to the public concern with the nature of the process.'" *Id.* (citation omitted); *accord In re Grand Jury Subpoena No. 11116275*, No. 11-527 (RCL), 2012 WL 692866, at *1 (D.D.C. Feb. 23, 2012) (using pseudonym to refer to owner of a Twitter account that was the subject of a challenged grand jury subpoena because "[t]he public interest in the order's legal analysis does not extend as strongly to details regarding the specific Twitter account at issue"). So too here, where there is no weighty public need for Doe Corporations' identities. Rather, "the filings in this case and the Court's ultimate public explanation of its merits determination will adequately allow the public to understand the Court's determination . . . regardless of whether the public can identify" Doe Corporations. *J.W.*, 318 F.R.D. at 202.

The fourth factor of the *In re Sealed Case* standard thus weighs in favor of pseudonymity here. Even under the Order's mechanical approach to the five-part test, then, Doe Corporations have satisfied three out of the five factors and should be permitted to proceed under pseudonym.

## II.    The Order Will Have Far-Reaching Consequences.

If allowed to stand, the Order will remove a critical check on official authority. The Order all but eliminates the ability of non-individual plaintiffs to pseudonymously sue official actors whenever their claims (or even the arguments in support of their claims) implicate questions that could apply to nonparties. Plaintiffs in these circumstances thus face a Hobson's Choice: challenge the lawfulness of official action and face "debilitating reputational and financial

7

hardship," Order at 3, or preserve their reputation and finances while sacrificing their ability to hold official actors to account. Relieving would-be plaintiffs of this impossible choice is precisely why courts have granted pseudonymity in these circumstances to "avoid[] the risk that the threat of public disclosure of an ongoing [government] investigation will unduly chill the subjects of investigations from seeking relief." *John Doe Co. No. 1*, 195 F. Supp. 3d at 24; *accord*, *e.g.*, *John Doe Corp.*, 2024 WL 5275034, at *3 (resolving balance in favor of pseudonymity where, among other things, "disclosure of the name of John Doe Corporation, or any party suing the PCAOB, would chill suits about the PCAOB's actions").

In service of the public benefit of knowing the identities of litigants, the Order discounts the public good of judicial oversight of official action. The resulting chill in efforts to prevent official actors from exceeding their legal authority surely will cause far graver injury to the public than permitting plaintiffs like Doe Corporations to litigate their claims under a pseudonym.

## CONCLUSION

For the foregoing reasons, Doe Corporations respectfully request that the Court grant their Motion to Reconsider.

Dated: May 19, 2025                              Respectfully submitted,

/s/ *Margaret E. Krawiec*
Margaret E. Krawiec (D.C. Bar No. 490066)
Michael A. McIntosh (D.C. Bar No. 1012439)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
Phone: (202) 371-7000
Fax: (202) 393-5760
margaret.krawiec@skadden.com
michael.mcintosh@skadden.com

Ryan D. Junck (*pro hac vice* pending)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
22 Bishopsgate
London EC2N 4BQ, United Kingdom
Phone: +44 20 7519 7000
ryan.junck@skadden.com

*Counsel for Plaintiffs Doe Corporation 1, Doe Corporation 2, Doe Corporation 3, and Doe Corporation 4*