UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Doe Corp. 1, Doe Corp. 2, Doe Corp. 3, Doe Corp. 4,<br><br>     *Plaintiffs,*<br><br>v.<br><br>Inter-American Development Bank,<br><br>     *Defendants.* | No. 1:25-cv-01404<br><br>Chief Judge James E. Boasberg<br><br>Motions of Eugene Volokh to Intervene and Unseal, with Accompanying Memorandum |

**Motion**

Eugene Volokh is seeking (on his own behalf) to move to intervene and unseal the motion to proceed pseudonymously (ECF No. 2), the memorandum in support of the motion (ECF No. 2-1), and the supporting declaration (ECF No. 2-2). Volokh does so in order to be able to write about the case. He often writes about motions to seal and to proceed pseudonymously, both in law journal articles and at the Volokh Conspiracy blog on the Reason Magazine site, http://reason.com/volokh. *See, e.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022); *Right of Access,* Volokh Conspiracy, https://reason.com/tag/right-of-access/.

He is particularly interested in seeing these documents given how rare it is for corporate plaintiffs to be able to file civil lawsuits under a pseudonym. *See, e.g.*, *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (rejecting pseudonymity in such a case); *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014) (likewise). He would therefore like to see precisely what arguments and evidence plaintiffs offered in support of such extraordinary treatment.

Defendants have not appeared in the case. Plaintiffs have stated that they "take no position on [the] motion to intervene" and "do not oppose [the] motion to unseal" ECF Nos. 2-0 (meaning the formal motion at ECF No. 2 proper), 2-1, and 2-2, provided that Plaintiffs "are afforded the

1

RECEIVED

MAY 21 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

opportunity to redact all potentially identifying information" from ECF No. 2-2 "prior to disclosure

or unsealing." E-mail from Michael A. McIntosh to Eugene Volokh, May 20, 2025, at 1:08 pm.

**Memorandum**

### I.    Volokh should be allowed to intervene

"Pursuant to Federal Rule of Civil Procedure 24(b) and the common-law right of access, third

parties may intervene in cases for the 'limited purpose of seeking access to materials that have

been shielded from public view either by seal or by a protective order.'" *League of Women Voters

of United States v. Newby*, 963 F.3d 130, 132 (D.C. Cir. 2020) (citation omitted). "The force of

precedent . . . compels a flexible reading of Rule 24(b). Given this flexible approach and our

longstanding tradition of public access to court records, we construe Rule 24(b) as an avenue for

third parties to have their day in court to contest the scope or need for confidentiality." *E.E.O.C.

v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (cleaned up).

### II.    The common-law right of access applies to motions to proceed pseudonymously

#### A.    Courts have recognized that the right of access applies to motions to seal

Because motions to seal implicate the public's right of access to court records, it is particularly

important for the public and the press to be able to review them, and to understand why certain

information is being hidden from the public. "Courts within [the Second] Circuit have tended to

treat a motion to seal as a judicial document that is entitled to a strong presumption of public

access." *Doe v. City of New York*, No. 1:22-CV-7910 (LTS), 2022 WL 15153410, at *4 (S.D.N.Y.

Oct. 26, 2022) (collecting cases). A "motion to redact certain information" is a judicial document

that is "entitled to a strong presumption of public access." *Cheng v. Wilson*, No. 1:22-CV-10706

(LTS), 2023 WL 7710966, at *3 (S.D.N.Y. Oct. 2, 2023). "[T]he motions to seal . . . are 'judicial

documents' as that term is defined by case law, and, therefore, a common law presumption of

access attaches." *McGill v. Univ. of Rochester*, No. 10-CV-6697-CJS-JWF, 2013 WL 5951930, at *11 (W.D.N.Y. Nov. 6, 2013).[1]

And the First Amendment right of access applies to such motions as well. *See Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006); *Doe v. City of New York*, 2022 WL 15153410, at *3. These decisions are sound, and should be adopted by this Court, so that the public can better monitor why access to court records is being restricted.

### B.  Motions to proceed pseudonymously are analogous to motions to seal

The same logic applies to motions to proceed pseudonymously, which are akin to motions to seal or redact. "The presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d at 325. "That presumption is both customary and constitutionally-embedded." *Id.* at 326 (cleaned up). "With open doors as our starting point, we generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* (cleaned up).

The public should thus be able to see the contents of motions for leave to proceed pseudonymously, so it can know what arguments are being given to restrict the public's right of access. *See*

---

[1] *See also Allegiant Travel Co. v. Kinzer*, No. 2:21-CV-01649-JAD-NJK, 2022 WL 2819734, at *3 (D. Nev. July 19, 2022) ("A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information."); *Vineyard Vines LLC v. MacBeth Collection, L.L.C.*, No. 3:14-CV-1096, 2019 WL 12024583, at *6 n.6 (D. Conn. Apr. 1, 2019) (concluding that a "motion to seal itself should be filed on the public docket and **not** under seal") (emphasis in the original); *Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006) ("Protective Order Brief[s] and accompanying declarations" "are the types of documents that are usually filed with the court and are generally available," so that "on the continuum of materials to which a presumption of public access applies, they fall well toward the end where the presumption is accorded the greatest weight.") (cleaned up); *Alexander v. Las Vegas Metro. Police Dep't*, No. 2:24-cv-00074-APG-NJK, 2025 WL 1410708, at *1 (D. Nev. Apr. 7, 2025) (denying in part "motion to seal motion to modify stipulated protective order and exhibits filed in conjunction with the motion," based on the "strong presumption of public access to judicial records").

*N.D. Hum. Rts. Coal. v. Patriot Front*, 346 F.R.D. 102, 105 (D.N.D. 2024) (unsealing motion to proceed pseudonymously, on Volokh's motion). Moreover, whenever a document is "more than tangentially related to the merits of a case," it is properly treated as a judicial document, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); a motion to proceed pseudonymously qualifies because the decision on the motion may affect a litigant's willingness to proceed with the litigation, *see, e.g.*, Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. at 1394-95 & n.196. And Volokh in particular, who is one of the few academics who writes about pseudonymity (both for the public and in law journal articles), is particularly interested in seeing what arguments applicants for pseudonymity are making.

Finally, all this extends to the attached declaration at ECF No. 2-2, and not just the motion at ECF No. 2 and the legal arguments set forth in ECF No. 2-1. "Documents filed as exhibits to motions or as attachments to letters filed with the Court seeking some type of judicial action are, in fact, 'judicial documents.'" *Bredehorn v. Young as Tr. of Bredehorn Irrevocable Catastrophic Illness Tr.*, No. CV191010SJFAKT, 2020 WL 2042391, at *2 (E.D.N.Y. Apr. 28, 2020). "The sealed documents here are unquestionably judicial documents, as they consist of letter-motions as well as attachments and responses thereto." *SEC v. CKB168 Holdings, Ltd.*, No. 13-CV-5584 (RRM), 2014 WL 12987218, at *2 n.2 (E.D.N.Y. Oct. 6, 2014). And "[t]he classification of such motions (and exhibits to such motions) as 'judicial documents' is not contingent upon their likeli-hood of success." *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022) (speaking in that case of motions for reconsideration, but using logic that would equally apply to the motion in this case).

### III. This Court should also recognize a First Amendment right of access filings in civil proceedings

"Though the Supreme Court originally recognized the First Amendment right of access in the context of criminal trials, the federal courts of appeals have widely agreed that it extends to civil proceedings and associated records and documents." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014) (citation omitted); *see also N.Y. C.L. Union v. N.Y. Transit Auth.*, 684 F.3d 286, 305 (2d Cir. 2012) (likewise recognizing a First Amendment right of access to civil proceedings); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984) (same); *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 326 (4th Cir. 2021) (same); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178-79 (6th Cir. 1983) (same); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984) (same); *Courthouse News Serv. v. N.M. Admin. Office of the Courts*, 54 F.3th 1245, 1263 (10th Cir. 2022) (same). The D.C. Circuit has apparently not decided the question, but the other Circuits are correct, and unanimously so: "By its terms, the experience and logic test does not limit the right of access to criminal proceedings. Every circuit to consider the issue has concluded that the qualified First Amendment right of public access applies to civil as well as criminal proceedings." *Dhiab v. Trump*, 852 F.3d 1087, 1099 (D.C. Cir. 2017) (Rogers, J., concurring in part and in the judgment).

In particular, courts have concluded that the First Amendment right of access applies to motions to conceal documents from public view. *See Schiller*, 2006 WL 2788256, at *5 (protective order brief); *Doe v. City of New York*, 2022 WL 15153410, at *1, *3 (letter seeking "leave to file a motion to proceed anonymously or under seal"). And pseudonymization as well as sealing implicates "the values underlying the right of public access to judicial proceedings and documents under the common law and First Amendment," *Doe v. MIT*, 46 F.4th 61, 68 (1st Cir. 2022), so motions to pseudonymize should therefore be as publicly accessible as motions to seal.

### IV.  Neither the common-law right of access nor the First Amendment right of access are overcome here

Under the common-law right of access, a district court should consider "whether redaction would be an appropriate alternative" to full sealing. *In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 297 (D.C. Cir. 2022) (criminal case). "If plaintiff wishes to keep certain information sealed, it . . . must explain why the broad scope of requested sealing is necessary such that the alternative of targeted redactions is insufficient." *Doe, Inc. v. Roe*, No. MC 21-43 (BAH), 2021 WL 3622166, at *3 (D.D.C. June 3, 2021).

And even if some redaction of the motion to proceed under pseudonym (and the supporting memorandum and declaration) is called for so as to keep the pseudonymous party's identity confidential, that would presumably just require modest redaction, not outright sealing. For example, it seems likely that much of the memorandum supporting the motion consists of legal argument, which does not implicate the plaintiff's reputational interests. *See, e.g.*, *Fazzio v. Standard Examiner*, No. 1:17-CV-00132-RJS-DBP, 2018 WL 2336113, at *1 (D. Utah May 23, 2018) (rejecting "Plaintiffs' blanket request to seal" in part because "Plaintiffs do not identify a single word in their legal argument that should be redacted in the event the court adopts their alternative request to seal only portions of the memorandum"); *Alexander v. Las Vegas Metro. Police Dep't*, No. 2:24-CV-00074-APG-NJK, 2025 WL 1410708, at *1 (D. Nev. Apr. 7, 2025) ("[t]o the extent any confidential information can be easily redacted" from a "motion to modify stipulated protective order" "while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents"); *United States v. Russell*, 762 F. Supp. 3d 441, 442 (D. Md. 2025) (stating, in a criminal case, that "[e]ven when an underlying document should be sealed, it is seldom necessary for the Government's arguments in support of sealing to *itself to* [*sic*] be restricted from the view of the public").

To be sure, Volokh cannot know for sure whether the motion, memorandum, and declaration could just be released outright, or what redactions would need to be made to them, precisely because all those documents are sealed. It is not clear what the basis for such sealing is; no motion to seal or sealing order is evident on the docket, even though LCvR 5.1(h)(1) provides,

> Absent statutory authority, no case or document may be sealed without an order from the Court. A document filed with the intention of it being sealed in an otherwise public case . . . shall be accompanied by a motion to seal. . . . Failure to file a motion to seal will result in the document being placed on the public record.

This alone may be a basis for unsealing the documents that Volokh seeks. But even if this Court chooses not to unseal this material outright, presumably the Court can review it and consider which parts, if any, need to be redacted before the material is unsealed.

The First Amendment right of access calls for an even more demanding test than does the common-law right of access: "The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling government interest." *In re Search Warrant (Gunn)*, 855 F.2d 569, 574 (8th Cir. 1988). For the reasons given above, this test cannot be satisfied here.

### Conclusion

Volokh has both a First Amendment and common law right of access to the motion to allow pseudonymity. He is entitled to intervene to assert these rights, and ECF Nos. 2, 2-1, and 2-2 ought to be unsealed, with any redactions necessary to preserve the parties' pseudonymity while the decision on the pseudonymity motion is still subject to potential appeal or reconsideration.

Respectfully Submitted,

Eugene Volokh
Thomas M. Siebel Senior Fellow
Hoover Institution, Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
*Pro se*
(Institutional affiliation given for identification and
addressing purposes only)

May 21, 2025

## Certificate of Service

I certify that today, May 21, 2025, I served the document on plaintiffs by e-mailing their

counsel at the e-mail addresses specified in the docket. I also e-mailed the document to dcd_

intake@dcd.uscourts.gov, which I understand will cause it to be filed on CM/ECF. Defendants

have not yet appeared in the case.

Eugene Volokh