**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**DOE CORPORATION 1,** *et al.*,

    **Plaintiffs,**

       **v.**

**INTER-AMERICAN**
**DEVELOPMENT BANK,**

    **Defendant.**

Civil Action No. 25-1404

---

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are corporate entities who have filed this lawsuit against the Inter-American

Development Bank claiming that the IDB has improperly initiated sanctions proceedings against

them.  See ECF No. 1 (Compl.), ¶¶ 1–4.  These proceedings, Doe Corporations contend, exceed

the authority granted to Defendant in its governing charter and violate its contracts with

Plaintiffs.  Id., ¶ 2.  In a prior Memorandum Opinion, this Court denied Doe Corporations'

motion to proceed in this litigation pseudonymously.  See ECF No. 6 (Mem. Op.) at 5–6.

Plaintiffs now move for the Court to reconsider that denial.  See ECF No. 8 (Recon. Mot.) at 1.

The Court declines.

I.      **Legal Standard**

Doe Corporations seek relief pursuant to Federal Rule of Civil Procedure 54(b), which

applies to orders that "may be revised at any time."  Relief may be granted pursuant to Rule

54(b) "as justice requires," a standard that may apply where, among other things, the court "has

patently misunderstood" the parties, strayed far afield of the issues presented, or failed to

consider "a controlling or significant change in the law or facts . . . since the submission of the

1

issue." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (quotation marks omitted).  A

court's discretion under Rule 54(b), however, is "limited by the law of the case doctrine and

subject to the caveat that where litigants have once battled for the court's decision, they should

neither be required, nor without good reason permitted, to battle for it again." Singh v. George

Wash. Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quotation marks omitted).

II.    Analysis

In their initial motion, Plaintiffs prevailed on the first and fifth factors of the five-factor

inquiry from In re Sealed Case, 971 F.3d 324, 326–27 (D.C. Cir. 2020), which determines

whether a plaintiff can proceed pseudonymously. See Mem. Op. at 3–5.  The Court, however,

denied that motion because they fell short on the second, third, and fourth factors. See id. at 5.

Doe Corporations now challenge the Court's determination.  Specifically, they contend that the

Court was overly "mechanical" in its application of the five-factor test, see ECF No. 8-1 (Recon.

Memo) at 2–3, and misapplied the fourth factor. Id. at 5–7.  The Court will address each

argument in turn.

Plaintiffs' first argument largely boils down to the contention that the Court was not

flexible enough in applying the five-factor test in this case.  Such an argument, however,

"identifies neither a mistake of law nor a justification for relief that the Court has not already

considered and rejected." Doe v. Federal Republic of Germany, 2023 WL 4744175, at *2

(D.D.C. July 21, 2023).  Indeed, Doe Corporations' accusation that the Court "engage[d] in a

wooden exercise of ticking the five boxes" is altogether incorrect. See Recon. Memo. at 3

(quoting In re Sealed Case, 931 F.3d 92, 97 (D.C. Cir. 2019)).  First, the Court went well outside

the traditional boundaries of the first factor to find that Plaintiffs had provided sufficient

information to support pseudonymity. Compare Mem. Op. at 3–4 (finding first factor favors

pseudonymity based on reputational and economic harm), with In re Sealed Case, 971 F.3d at

327 (noting first factor traditionally protects against disclosure of "sensitive or highly personal

matter[s]" such as "sexual activities, reproductive rights, bodily autonomy, medical concerns, or

the identity of abused minors").  Second, and contrary to Doe Corporations' assertion that the

logic of the Court's prior Opinion would prevent non-individual plaintiffs from ever meeting the

second factor, see Recon. Memo. at 4, the Court was willing to consider any allegations that

Plaintiffs are at risk of retaliation from IDB if their identities are disclosed, even if such risks are

not related to physical or mental harm.  See Mem. Op. at 4 (noting that "Plaintiffs do not express

any fear that the IDB will retaliate against them" without limiting retaliation to physical or

mental harm).  The Court was indeed flexible in considering Doe Corporations' claim; it simply

determined that a compelling need for secrecy had not been established.

Plaintiffs' argument, moreover, misconstrues the nature of the pseudonymity inquiry.  As

Plaintiffs see it, the Court simply noted that three factors weighed against pseudonymity while

two weighed in favor, cursorily noted that three is more than two, and so denied the motion.  See

Recon. Memo. at 3.  Not so.  Because "[t]he presumption of openness in judicial proceedings is a

bedrock principle of our judicial system, . . . [t]he moving party bears the weighty burden

of . . . demonstrating a concrete need for such secrecy" that overcomes the presumption against

pseudonymity.  In re Sealed Case, 971 F.3d at 325–26.  Of course, the test is flexible.  But when

three factors cut decisively against pseudonymity and Plaintiffs do not make an extraordinarily

strong showing on the other two, then a holistic balancing shows that Plaintiffs have not carried

their burden.  The difficulty of meeting such a burden is simply reflective of the weighty interests

underlying the presumption of openness.  See United States v. Microsoft Corp., 56 F.3d 1448,

1464 (D.C. Cir. 1995) (noting that pseudonymity is "rare dispensation" in legal system)

(quotation marks omitted); <u>Doe v. Hill</u>, 141 F.4th 291, 293 (D.C. Cir. 2025) (same).  That the

inquiry is "flexible and fact driven," <u>In re Sealed Case</u>, 971 F.3d at 326, does not mandate an

alternative burden for Plaintiffs in this case — it merely requires the Court to "inquire into the

circumstances of particular cases to determine whether the dispensation is warranted."

<u>Microsoft</u>, 56 F.3d at 1464 (quotation marks omitted).  As the Court has already found, it is not.

       Plaintiffs further contend that the Court misapplied the fourth factor of the pseudonymity

inquiry.  <u>See</u> Recon. Memo. at 5–7.  That one hinges on "the nature of the relief sought.  When a

plaintiff requests individualized relief against a government defendant," then the factor favors

pseudonymity.  <u>Doe v. Blinken</u>, No. 24-1629, ECF No. 3 (<u>Blinken</u> Mem. Op.) at 5 (D.D.C. June

11, 2024); <u>Hill</u>, 141 F.4th at 298–99.  Plaintiffs maintain that "they seek only to enjoin the IDB's

sanctions proceedings against them," and thus the relief they seek is individualized.  <u>See</u> Recon.

Memo. at 6.  The nature of the relief sought actually encompasses something broader: a

declaration that the "IDB lacks the authority to initiate sanctions proceedings against Doe

Corporations . . . based on alleged actions that occurred exclusively before the start of the

parties' contractual relationship."  Compl., ¶ 98.  For the Court to so declare, it must first

determine that the IDB's charter, which demarcates its "enforcement authority," <u>id.</u>, ¶ 37, does

not grant the IDB authority to begin enforcement proceedings based on pre-contractual behavior

writ large.  <u>Id.</u>, ¶ 2 (arguing that Defendant's sanctions against Doe Corporations violate "both its

governing charter and its contracts with Doe Corporations").

       Such a determination plainly "seeks to alter the operation of public law both as applied to

[Plaintiffs] and, by virtue of the legal arguments presented, to other parties going forward."  <u>In re</u>

<u>Sealed Case</u>, 971 F.3d at 329; <u>cf.</u> <u>Hill</u>, 141 F.4th at 299 ("Given the far-reaching consequences of

the relief [plaintiff] seeks," the fourth factor favors disclosure.).  Even if the nature of the relief

in this case is perhaps narrower than the relief sought in <u>John Doe Corporation v. Public</u>

<u>Company Accounting Oversight Board</u>, 2025 WL 304795 (D.D.C. Jan. 27, 2025), that does not

automatically imply that the sought-after relief is individualized.  Nor do Defendant's

comparatively lesser reputational concerns, <u>see</u> <u>J.W. v. District of Columbia</u>, 318 F.R.D. 196, 201

(D.D.C. 2016), outweigh the "intensified" interest in proceeding publicly in these circumstances.

<u>In re Sealed Case</u>, 971 F.3d at 329; <u>Hill</u>, 141 F.4th at 299 ("[T]he public interest in understanding

the genesis and generator of the litigation is great.").  The fourth factor thus continues to favor

disclosure.

       Plaintiffs' additional contention that the Court "discount[ed] Doe Corporations' showings

on the first and fifth factors" does little to justify reconsideration on its own.  <u>See</u> Recon. Memo,

at 3.  The Court fully acknowledges that Plaintiffs possess a substantial privacy interest in this

case and little risk of prejudice to IDB from pseudonymity.  <u>See</u> Mem. Op. at 3–5; <u>see also</u> <u>John</u>

<u>Doe Co. v. CFPB</u>, 321 F.R.D. 31, 35 (D.D.C. 2017) (finding similar privacy interests for

company under government investigation); <u>John Doe Co. No. 1 v. CFPB</u>, 195 F. Supp. 3d 9,

21–22 (D.D.C. 2016) (similar).  But "reputational and financial losses" tend not to "pose threats

as grave as the type of threats . . . that most commonly support pseudonymous treatment," <u>John</u>

<u>Doe. Co. No. 1</u>, 195 F. Supp. 3d at 23; <u>see also</u> <u>Hill</u>, 141 F.4th at 296 ("The privacy interests that

traditionally warrant pseudonymity . . . concern very sensitive information that the public has

recognized as insulated from public scrutiny through legal norms and custom."), and there is zero

alleged risk of retaliation by Defendant or potential harm to minor children from disclosure.  <u>See</u>

Mem. Op. at 4.  The Court thus cannot conclude that Doe Corporations' need for secrecy, in light

of their wide-reaching legal arguments, outweighs the interests in judicial openness.

As a final note, the Court considers Plaintiffs' contention that applying the fourth factor in this way "would make it impossible for anyone — individual or non-individual — to satisfy this factor when suing official actors . . . whenever their claims . . . implicate questions that could apply to nonparties."  Recon. Memo. at 6–7.  As mentioned above, however, the assigned court here must directly resolve wide-reaching questions about IDB's enforcement authority before it can grant relief to Doe Corporations.  This is amply distinguishable from cases where the relief is focused on the individual but may incidentally touch on broader issues.  Compare T.F. ex rel. Ellern-Feldman v. District of Columbia, No. 23-3612, ECF No. 4 (T.F. Mem. Op.) at 4 (D.D.C. Dec. 7, 2023) (factor supported pseudonymity where "[p]laintiff [sought] to vindicate merely his individual right to a Free and Appropriate Public Education under IDEA") (quotation marks omitted), with Doe A v. Spahn, No. 23-2859, ECF No. 7 (Spahn Mem. Op.) at 4–5 (D.D.C. Oct. 2, 2023) (factor disfavored pseudonymity where plaintiffs alleged that "Peace Corps has a policy or practice of discriminating against individuals like Plaintiffs," which were "far-reaching legal claims") (quotation marks omitted).  Doe Corporations' argument is thus overstated; as long as the relief requested by a plaintiff against an official actor is individualized and does not require a court to grant programmatic relief in the process, the fourth factor favors pseudonymity.  See Hill, 141 F.4th at 300 ("A byproduct of government transparency is that those who seek to alter public law by using the federal courts must, in all but truly exceptional cases, reveal their identity so that the public can understand the issues before the court, the consequences of the court's ruling, and the manner in which the court reached its decision.").

As Doe Corporations have not met their "weighty burden of . . . demonstrating a concrete need" for pseudonymity, In re Sealed Case, 971 F.3d at 326, the Court will deny the Motion.

**III.    Conclusion**

The Court accordingly ORDERS that:

1.  Plaintiffs' [8] Motion for Reconsideration is DENIED;

2.  Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing the Complaint on the public docket using their real names, and, if so, shall also file their [2] Motion for Leave to File under Pseudonym and [8] Motion for Reconsideration on the public docket as an appendix to the Notice; and

3.  If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case.

s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  July 30, 2025

7