**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, and DOE CORPORATION 4,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>INTER-AMERICAN DEVELOPMENT BANK,<br><br>　　　　　Defendant. | Civil Action No. 1:25-cv-1404 |

### PLAINTIFFS' MOTION TO STAY THE COURT'S JULY 30, 2025 ORDER AND THE DEADLINE TO EFFECT SERVICE OF PROCESS ON DEFENDANT

Pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A) and Local Civil Rule 7, Plaintiffs Doe Corporation 1, Doe Corporation 2, Doe Corporation 3, and Doe Corporation 4 (collectively, "Doe Corporations"), by and through undersigned counsel, respectfully move to stay the Court's July 30, 2025 Order denying Plaintiffs' Motion to Reconsider the May 14, 2025 Order pending Doe Corporations' appeal of those Orders' denial of their request to proceed under a pseudonym. Doe Corporations also respectfully request that this Court similarly stay or extend the deadline by which they must effect service on Defendant Inter-American Development Bank (the "IDB") pursuant to Federal Rule of Civil Procedure 4(m).[1]

---

[1] Pursuant to Local Rule 7(m), undersigned counsel state that because this motion is being filed before the Court has issued the summons, no counsel has yet filed an appearance on behalf of the IDB. Thus, Doe Corporations have been unable to confer with such counsel to determine whether the relief requested in this Motion is opposed.

## BACKGROUND

On May 14, 2025, the Court issued an order denying Doe Corporations' Motion to Proceed Under Pseudonym in this case.  ECF No. 6 (the "May 14 Order"); *see also* ECF No. 2 (Motion to Proceed Under Pseudonym).  On May 19, 2025, Doe Corporations moved for reconsideration of the May 14 Order.  ECF No. 8 (the "Motion to Reconsider").  On July 30, 2025, the Court issued its Order denying the Motion to Reconsider.  ECF No. 12 (the "July 30 Order" and, together with the May 14 Order, the "Denial Orders").  The July 30 Order provides that within 14 days, Doe Corporations "shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing the Complaint on the public docket using their real names." *Id.* at 7.  If Doe Corporations do not file this Notice within that timeframe, the July 30 Order directs the Clerk to terminate the case. *Id.*

The D.C. Circuit has recognized that the collateral-order doctrine "permit[s] immediate appeal of an order denying a motion to proceed anonymously." *In re Sealed Case*, 931 F.3d 92, 95–96 (D.C. Cir. 2019) (citations omitted).  Contemporaneous with this Motion, Doe Corporations are filing their Notice of Appeal from the Denial Orders to the United States Court of Appeals for the District of Columbia Circuit.

## LEGAL STANDARD

Courts have the authority to stay proceedings in the interests of justice, consistent with their inherent power to "control the disposition of the causes on [their] docket." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  Courts evaluate four factors to determine a party's motion for a stay pending appeal: (1) whether the movant is likely to succeed on the merits; (2) whether there is irreparable harm to the movant if the judgment is not stayed; (3) whether there is harm to other parties if the stay is granted; and (4) the public interest. *See Nken v. Holder*, 556 U.S. 418, 426

(2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). A party "need only raise a 'serious legal question' on the merits" if the other three factors—and, chiefly, irreparable harm— weigh strongly in favor of issuing a stay. *Nat'l Ass'n for Advancement of Colored People v. Trump*, 321 F. Supp. 3d 143, 146 (D.D.C. 2018) (citation omitted); *see also Phillip v. Fed. Republic of Germany*, 436 F. Supp. 3d 61, 70 (D.D.C. 2020) (granting stay consistent with Circuit precedent where "this case involves serious legal questions . . . [and] there will be little, if any, harm to the Plaintiffs or the public, but irreparable injury to the Defendants if the stay is denied").

## ARGUMENT

### I.     A Stay of the July 30 Order Is Warranted.

Doe Corporations respectfully request that this Court exercise its discretion to stay the current 14-day deadline in the July 30 Order to provide Doe Corporations the opportunity to appeal this Court's determination that they cannot proceed with this case pseudonymously. Courts routinely enter stays in analogous circumstances. *See, e.g.,* Minute Order, *Doe v. McKernan*, Case No. 1:24-cv-00488-UNA (D.D.C. Mar. 11, 2024) (Boasberg, J.). As in those cases, Doe Corporations' request satisfies all four factors under the governing test.

***First***, and most critically, Doe Corporations face irreparable harm absent a stay. *See Nat'l Ass'n of the Deaf v. Trump*, 486 F. Supp. 3d 45, 51 (D.D.C. 2020) ("[T]he basis of injunctive relief . . . has always been irreparable harm.") (citation omitted) (Boasberg, J.). Courts have found "a strong showing of irreparable harm" where the moving party's compliance with a District Court's order would "render any appeal moot." *Ctr. for Int'l Env't L. v. Off. of U.S. Trade Representative*, 240 F. Supp. 2d 21, 22–23 (D.D.C. 2003) (citations omitted). That is plainly the case here. Absent this Court's stay of the July 30 Order, Doe Corporations are required, within 14 days after entry of that Order, to either identify themselves publicly on the case docket or face dismissal of their

action.  Either result effectively moots Doe Corporations' appeal, which relates solely to their ability to litigate this action without revealing their true identities.

As the Court has recognized and reaffirmed, disclosure of Doe Corporations' identities "would likely cause debilitating reputational and financial hardship."  ECF No. 6, at 3 (citation omitted).  And once Doe Corporations' confidentiality is lost, it "will be lost for all time.  The status quo could never be restored."  *Ctr. for Int'l Env't L.*, 240 F. Supp. at 23 (citation omitted). Because Doe Corporations would effectively suffer a "de facto deprivation of the basic right to appeal" absent the requested stay, *id.*, this factor cuts strongly in favor of their request.

***Second***, Doe Corporations are likely to succeed on the merits of their appeal.  At a minimum, Doe Corporations have "raise[d]" the necessary "'serious legal question' on the merits." *NAACP*, 321 F. Supp. 3d at 146 (citation omitted).  Indeed, the Court has recognized as much, acknowledging that Doe Corporations' Motion to Proceed Under Pseudonym "raise[d] close questions."  ECF No. 6, at 2.  "[T]hat the Court has thus far been unpersuaded" by Doe Corporations' "case does not preclude the issuance of a stay."  *NAACP*, 321 F. Supp. 3d at 147 (citation omitted).

As an initial matter, the Court's Denial Orders applied the wrong legal standard to adjudicate Doe Corporations' request to proceed pseudonymously.  Specifically, the Court erred in applying the five-factor test set forth in *In re Sealed Case*, 931 F.3d 92 (D.C. Cir. 2019).  That test is a "poor fit" for non-individual plaintiffs, like Doe Corporations.  *John Doe Co. v. CFPB*, 321 F.R.D. 31, 34 (D.D.C. 2017) (citation omitted).  The proper standard to apply to non-individual plaintiffs asks "whether the non-speculative privacy interest that the movants have identified outweigh[s] the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the

identity of the movants." *Id.* (citation omitted). The Court's contrary ruling thus conflicts with other decisions from this District, and Doe Corporations' appeal will require the D.C. Circuit to resolve that conflict for the first time.

Even assuming that the five-factor test applies to Doe Corporations' request, moreover, the Court's application of that standard conflicted with D.C. Circuit precedent. The Denial Orders minimized the Court's findings that Doe Corporations would suffer significant harm if their identities were disclosed and that the IDB would suffer no prejudice if Doe Corporations litigated pseudonymously. At the same time, the Denial Orders concluded that two factors that corporations by definition cannot satisfy "cut decisively against pseudonymity." ECF No. 12, at 3; *see also* ECF No. 6, at 4. As for the remaining factor, the Court misapprehended the nature of Doe Corporations' claims, which do not seek "programmatic relief," and failed to properly weigh the purely legal nature of those claims. ECF No. 12, at 6; *see also* ECF No. 6, at 5. At bottom, the Denial Orders' application of the five-factor test establishes a near-insurmountable barrier against pseudonymous suits by non-individual plaintiffs challenging official conduct—contrary to precedent and the public interest in maintaining accountability through litigation.

***Third***, the IDB faces no harm if a stay is granted. As explained above, Doe Corporations request a stay only to preserve their ability to pursue appellate review of the Denial Orders, which they intend to do on an expedited basis. The stay would effect only tailored and temporary delay of the proceedings before this Court, and "[a] mere assertion of delay does not constitute substantial harm." *United States v. Philip Morris Inc.*, 314 F.3d 612, 622 (D.C. Cir. 2003), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 105 n.1 (2009). A stay would otherwise inflict no prejudice on the IDB's rights. Nor would it obligate the IDB to take, or refrain from taking, any specific action. Indeed, the IDB has no present obligations in

5

connection with this case—no summons has been issued and, accordingly, the IDB has not yet been served.

*Finally*, the public interest supports granting this stay. Doe Corporations' appeal provides the D.C. Circuit an opportunity to clarify the appropriate legal standard that governs a non-individual plaintiff's ability to challenge official actions under pseudonym. As it stands, the Denial Orders remove an important tool for checking official power and augur a chilling of suits against state actors.

Because all four factors weigh in Doe Corporations' favor, this Court should grant the requested stay of the deadline imposed by this Court's July 30 Order.

## II.    This Court Should Stay or Extend Doe Corporations' Deadline to Serve Process on the IDB.

In addition, and consistent with the reasons explained above, this Court should stay or extend Doe Corporations' current obligation under Federal Rule of Civil Procedure 4(m) to effect service of process on the IDB by August 6, 2025. Although Doe Corporations filed their Complaint on May 8, 2025, this Court decided the Denial Orders *ex parte* and prior to case assignment. *See* Local Civil Rule 40.7(f). Accordingly, the Clerk of Court has not yet issued a summons, and Doe Corporations have not had the ability to serve the IDB pending final determination on the threshold question of their ability to proceed with this action pseudonymously.

Doe Corporations' pending appeal directly implicates, and will finally resolve, this threshold question. Resolution of Doe Corporations' appeal, whether successful or unsuccessful, will either facilitate Doe Corporations' ability to initiate service efforts on the IDB (should Doe Corporations proceed with the litigation and a summons be issued by this Court) or render the issue moot (should Doe Corporations lose on appeal and choose not to litigate the matter publicly).

As such, given the unique posture of this case, and consistent with their request to stay the July 30 Order, Doe Corporations respectfully request that this Court also stay or extend their window to effect service on the IDB pending resolution of their appeal of the Denial Orders. *See* Fed. R. Civ. P. 4(m) (stating that courts "must extend the time for service for an appropriate period" should plaintiff demonstrate good cause why defendant has not yet been served).

## CONCLUSION

For the foregoing reasons, Doe Corporations respectfully request that the Court grant this Motion.

Dated:  August 4, 2025                             Respectfully submitted,

/s/ *Michael A. McIntosh*
Michael A. McIntosh (D.C. Bar No. 1012439)
Margaret E. Krawiec (D.C. Bar No. 490066)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
Phone:  (202) 371-7000
Fax:  (202) 393-5760
michael.mcintosh@skadden.com
margaret.krawiec@skadden.com

Ryan D. Junck (*pro hac vice* pending)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
22 Bishopsgate
London EC2N 4BQ, United Kingdom
Phone:  +44 20 7519 7000
ryan.junck@skadden.com

*Counsel for Plaintiffs Doe Corporation 1, Doe Corporation 2, Doe Corporation 3, and Doe Corporation 4*