APPEAL,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–01404–UNA</u>
### *Internal Use Only*

| | |
|---|---|
| DOE CORPORATION 1 et al v. INTER–AMERICAN DEVELOPMENT BANK | Date Filed: 05/08/2025 |
| | Jury Demand: None |
| Assigned to: Unassigned | Nature of Suit: 190 Contract: Other |
| Cause: 28:1331 Fed. Question | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

**DOE CORPORATION 1**    represented by    **Michael Allen McIntosh**
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7201
Fax: (202) 661–8201
Email: michael.mcintosh@skadden.com
*ATTORNEY TO BE NOTICED*

**Margaret Elizabeth Krawiec**
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7303
Fax: (202) 661–9123
Email: margaret.krawiec@skadden.com
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**DOE CORPORATION 2**    represented by    **Michael Allen McIntosh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Margaret Elizabeth Krawiec**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**DOE CORPORATION 3**    represented by    **Michael Allen McIntosh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Margaret Elizabeth Krawiec**
(See above for address)
*ATTORNEY TO BE NOTICED*

1

**Plaintiff**

**DOE CORPORATION 4**                              represented by **Michael Allen McIntosh**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Margaret Elizabeth Krawiec**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**INTER–AMERICAN
DEVELOPMENT BANK**

**Movant**

**EUGENE VOLOKH**                                  represented by **EUGENE VOLOKH**
*Thomas M. Siebel Senior Fellow Hoover*                           434 Galvez Mall
*Institution, Stanford University*                                Stanford, CA 94305
                                                                  650–721–5092
                                                                  PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 05/08/2025 | 1 | COMPLAINT against INTER–AMERICAN DEVELOPMENT BANK *(Filing fee $ 405 receipt number ADCDC–11677230)* (Fee Status:Filing Fee Waived) filed by DOE CORPORATION 4, DOE CORPORATION 1, DOE CORPORATION 3, DOE CORPORATION 2. (Attachments: # 1 Exhibit A – Filed Under Seal, # 2 Exhibit B – Filed Under Seal, # 3 Exhibit C – Filed Under Seal, # 4 Exhibit D – Filed Under Seal, # 5 Exhibit E – Filed Under Seal, # 6 Exhibit F – Filed Under Seal, # 7 Exhibit G – Filed Under Seal, # 8 Exhibit H – Filed Under Seal, # 9 Exhibit I – IDB Charter, # 10 Exhibit J – 2015 IDB Sanctions Procedures, # 11 Civil Cover Sheet, # 12 Summons to Inter–American Development Bank, # 13 L.R. 26.1 Disclosure Statement Filed Under Seal)(Krawiec, Margaret) (Entered: 05/08/2025) |
| 05/08/2025 | 2 | SEALED MOTION to Proceed Under Pseudonym filed by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4 (Attachments: # 1 Memorandum in Support, # 2 Declaration in Support, # 3 Disclosure Statements, # 4 Exhibit A – Under Seal Exhibit to Complaint, # 5 Exhibit B – Under Seal Exhibit to Complaint, # 6 Exhibit C – Under Seal Exhibit to Complaint, # 7 Exhibit D – Under Seal Exhibit to Complaint, # 8 Exhibit E – Under Seal Exhibit to Complaint, # 9 Exhibit F – Under Seal Exhibit to Complaint, # 10 Exhibit G – Under Seal Exhibit to Complaint, # 11 Exhibit H – Under Seal Exhibit to Complaint, # 12 Declaration of Identity, # 13 Text of Proposed Order)(Krawiec, Margaret) (Entered: 05/08/2025) |
| 05/08/2025 | 3 | MOTION for Preliminary Injunction by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Krawiec, Margaret) (Entered: 05/08/2025) |

| 05/08/2025 | 4 | NOTICE of Appearance by Michael Allen McIntosh on behalf of DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4 (McIntosh, Michael) (Entered: 05/08/2025) |
|---|---|---|
| 05/08/2025 | 5 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ryan D. Junck, Filing fee $ 100, receipt number ADCDC–11678012. Fee Status: Fee Paid. by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. (Attachments: # 1 Declaration of Ryan D. Junck, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Krawiec, Margaret) (Entered: 05/08/2025) |
| 05/14/2025 | 6 | ORDER: The Court ORDERS that: 1) Plaintiffs' 2 Motion for Leave to File Under Pseudonym is DENIED; 2) Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing the Complaint on the public docket using their real names, and, if so, shall also file their 2 Motion on the public docket as an appendix to the Notice; and 3) If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case. Signed by Chief Judge James E. Boasberg on May 14, 2025. (lcjeb3) (Main Document 6 replaced on 5/15/2025) (znbn). (Entered: 05/14/2025) |
| 05/14/2025 | 7 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4 (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order to File Under Seal, # 2 Emergency Motion to Redact, # 3 Exhibit A, # 4 Text of Proposed Order Motion to Redact)(Krawiec, Margaret) (Entered: 05/14/2025) |
| 05/19/2025 | 8 | MOTION for Reconsideration re 6 Memorandum & Opinion,,, Order,, by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Reconsider, # 2 Text of Proposed Order)(Krawiec, Margaret) (Entered: 05/19/2025) |
| 05/21/2025 | 10 | MOTION to Intervene and MOTION to Unseal Document by EUGENE VOLOKH. (Attachments: # 1 Text of Proposed Order)(zmtm) (Entered: 05/28/2025) |
| 05/27/2025 | 9 | MOTION for Extension of Time to *Extend Plaintiffs' Deadline to Comply with the Court's May 14, 2025 Order Pending Resolution of Plaintiffs' Motion to Reconsider* by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. (Attachments: # 1 Text of Proposed Order)(Krawiec, Margaret) (Entered: 05/27/2025) |
| 06/23/2025 | 11 | NOTICE *Regarding Pending Motion to Reconsider* by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4 (Krawiec, Margaret) (Entered: 06/23/2025) |
| 07/30/2025 | 12 | ORDER: The Court ORDERS that: 1) Plaintiffs' 8 Motion for Reconsideration is DENIED; 2) Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing the Complaint on the public docket using their real names, and, if so, shall also file their 2 Motion for Leave to File under Pseudonym and 8 Motion for Reconsideration on the public docket as an appendix to the Notice; and 3) If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case. SIGNED by Chief Judge James E. Boasberg on July 30, 2025. (lcjeb3) (Entered: 07/30/2025) |
| 07/30/2025 | 13 | |

| | | NOTICE of Supplemental Authority by EUGENE VOLOKH re 10 Motion to Intervene, Motion to Unseal Document (zmtm) (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 14 | MOTION to Stay *the Court's July 30, 2025 Order and the Deadline to Effect Service of Process on Defendant* by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. (Attachments: # 1 Text of Proposed Order)(McIntosh, Michael) (Entered: 08/04/2025) |
| 08/04/2025 | 15 | NOTICE OF INTERLOCUTORY APPEAL as to 12 Order on Motion for Reconsideration,,, Set/Reset Deadlines,, 6 Memorandum & Opinion,,, Order,, by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. Filing fee $ 605, receipt number ADCDC–11864601. Fee Status: Fee Paid. Parties have been notified. (McIntosh, Michael) (Entered: 08/04/2025) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, and DOE CORPORATION 4,<br><br>Plaintiffs,<br><br>v.<br><br>INTER-AMERICAN DEVELOPMENT BANK,<br><br>Defendant. | Civil Action No. 1:25-cv-1404 |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given this 4th day of August 2025, that Plaintiffs Doe Corporation 1, Doe Corporation 2, Doe Corporation 3, and Doe Corporation 4 ("Plaintiffs") appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's May 14, 2025 Order denying Plaintiffs' Motion to Proceed Under Pseudonym (as revised May 15, 2025) (ECF No. 6) and July 30, 2025 Order denying Plaintiffs' Motion to Reconsider the May 14, 2025 Order (ECF No. 12).

Dated:  August 4, 2025                    Respectfully submitted,

                                          /s/ *Michael A. McIntosh*
                                          Michael A. McIntosh (D.C. Bar No. 1012439)
                                          Margaret E. Krawiec (D.C. Bar No. 490066)
                                          SKADDEN, ARPS, SLATE,
                                               MEAGHER & FLOM LLP
                                          1440 New York Ave. NW
                                          Washington, DC 20005
                                          Phone:  (202) 371-7000
                                          Fax:  (202) 393-5760
                                          michael.mcintosh@skadden.com
                                          margaret.krawiec@skadden.com

                                          Ryan D. Junck (*pro hac vice* pending)
                                          SKADDEN, ARPS, SLATE,
                                               MEAGHER & FLOM LLP
                                          22 Bishopsgate
                                          London EC2N 4BQ, United Kingdom
                                          Phone:  +44 20 7519 7000
                                          ryan.junck@skadden.com

                                          *Counsel for Plaintiffs Doe Corporation 1, Doe*
                                          *Corporation 2, Doe Corporation 3, and Doe*
                                          *Corporation 4*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DOE CORPORATION 1, *et al.*,

      Plaintiffs,

          v.                            Civil Action No. 25-1404

INTER-AMERICAN
DEVELOPMENT BANK,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are corporate entities who have filed this lawsuit against the Inter-American Development Bank claiming that the IDB has improperly initiated sanctions proceedings against them. See ECF No. 1 (Compl.), ¶¶ 1–4. These proceedings, Doe Corporations contend, exceed the authority granted to Defendant in its governing charter and violate its contracts with Plaintiffs. Id., ¶ 2. In a prior Memorandum Opinion, this Court denied Doe Corporations' motion to proceed in this litigation pseudonymously. See ECF No. 6 (Mem. Op.) at 5–6. Plaintiffs now move for the Court to reconsider that denial. See ECF No. 8 (Recon. Mot.) at 1. The Court declines.

I.     **Legal Standard**

Doe Corporations seek relief pursuant to Federal Rule of Civil Procedure 54(b), which applies to orders that "may be revised at any time." Relief may be granted pursuant to Rule 54(b) "as justice requires," a standard that may apply where, among other things, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the

1

issue." <u>Cobell v. Norton</u>, 224 F.R.D. 266, 272 (D.D.C. 2004) (quotation marks omitted).  A court's discretion under Rule 54(b), however, is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." <u>Singh v. George Wash. Univ.</u>, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quotation marks omitted).

## II.    Analysis

In their initial motion, Plaintiffs prevailed on the first and fifth factors of the five-factor inquiry from <u>In re Sealed Case</u>, 971 F.3d 324, 326–27 (D.C. Cir. 2020), which determines whether a plaintiff can proceed pseudonymously.  <u>See</u> Mem. Op. at 3–5.  The Court, however, denied that motion because they fell short on the second, third, and fourth factors.  <u>See id.</u> at 5.  Doe Corporations now challenge the Court's determination.  Specifically, they contend that the Court was overly "mechanical" in its application of the five-factor test, <u>see</u> ECF No. 8-1 (Recon. Memo) at 2–3, and misapplied the fourth factor.  <u>Id.</u> at 5–7.  The Court will address each argument in turn.

Plaintiffs' first argument largely boils down to the contention that the Court was not flexible enough in applying the five-factor test in this case.  Such an argument, however, "identifies neither a mistake of law nor a justification for relief that the Court has not already considered and rejected." <u>Doe v. Federal Republic of Germany</u>, 2023 WL 4744175, at *2 (D.D.C. July 21, 2023).  Indeed, Doe Corporations' accusation that the Court "engage[d] in a wooden exercise of ticking the five boxes" is altogether incorrect.  <u>See</u> Recon. Memo. at 3 (quoting <u>In re Sealed Case</u>, 931 F.3d 92, 97 (D.C. Cir. 2019)).  First, the Court went well outside the traditional boundaries of the first factor to find that Plaintiffs had provided sufficient information to support pseudonymity.  <u>Compare</u> Mem. Op. at 3–4 (finding first factor favors

2

pseudonymity based on reputational and economic harm), with In re Sealed Case, 971 F.3d at 327 (noting first factor traditionally protects against disclosure of "sensitive or highly personal matter[s]" such as "sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors").  Second, and contrary to Doe Corporations' assertion that the logic of the Court's prior Opinion would prevent non-individual plaintiffs from ever meeting the second factor, see Recon. Memo. at 4, the Court was willing to consider any allegations that Plaintiffs are at risk of retaliation from IDB if their identities are disclosed, even if such risks are not related to physical or mental harm.  See Mem. Op. at 4 (noting that "Plaintiffs do not express any fear that the IDB will retaliate against them" without limiting retaliation to physical or mental harm).  The Court was indeed flexible in considering Doe Corporations' claim; it simply determined that a compelling need for secrecy had not been established.

Plaintiffs' argument, moreover, misconstrues the nature of the pseudonymity inquiry.  As Plaintiffs see it, the Court simply noted that three factors weighed against pseudonymity while two weighed in favor, cursorily noted that three is more than two, and so denied the motion.  See Recon. Memo. at 3.  Not so.  Because "[t]he presumption of openness in judicial proceedings is a bedrock principle of our judicial system, . . . [t]he moving party bears the weighty burden of . . . demonstrating a concrete need for such secrecy" that overcomes the presumption against pseudonymity.  In re Sealed Case, 971 F.3d at 325–26.  Of course, the test is flexible.  But when three factors cut decisively against pseudonymity and Plaintiffs do not make an extraordinarily strong showing on the other two, then a holistic balancing shows that Plaintiffs have not carried their burden.  The difficulty of meeting such a burden is simply reflective of the weighty interests underlying the presumption of openness.  See United States v. Microsoft Corp., 56 F.3d 1448, 1464 (D.C. Cir. 1995) (noting that pseudonymity is "rare dispensation" in legal system)

3

(quotation marks omitted); <u>Doe v. Hill</u>, 141 F.4th 291, 293 (D.C. Cir. 2025) (same).  That the

inquiry is "flexible and fact driven," <u>In re Sealed Case</u>, 971 F.3d at 326, does not mandate an

alternative burden for Plaintiffs in this case — it merely requires the Court to "inquire into the

circumstances of particular cases to determine whether the dispensation is warranted."

<u>Microsoft</u>, 56 F.3d at 1464 (quotation marks omitted).  As the Court has already found, it is not.

      Plaintiffs further contend that the Court misapplied the fourth factor of the pseudonymity

inquiry.  <u>See</u> Recon. Memo. at 5–7.  That one hinges on "the nature of the relief sought.  When a

plaintiff requests individualized relief against a government defendant," then the factor favors

pseudonymity.  <u>Doe v. Blinken</u>, No. 24-1629, ECF No. 3 (<u>Blinken</u> Mem. Op.) at 5 (D.D.C. June

11, 2024); <u>Hill</u>, 141 F.4th at 298–99.  Plaintiffs maintain that "they seek only to enjoin the IDB's

sanctions proceedings against them," and thus the relief they seek is individualized.  <u>See</u> Recon.

Memo. at 6.  The nature of the relief sought actually encompasses something broader: a

declaration that the "IDB lacks the authority to initiate sanctions proceedings against Doe

Corporations . . . based on alleged actions that occurred exclusively before the start of the

parties' contractual relationship."  Compl., ¶ 98.  For the Court to so declare, it must first

determine that the IDB's charter, which demarcates its "enforcement authority," <u>id.</u>, ¶ 37, does

not grant the IDB authority to begin enforcement proceedings based on pre-contractual behavior

writ large.  <u>Id.</u>, ¶ 2 (arguing that Defendant's sanctions against Doe Corporations violate "both its

governing charter and its contracts with Doe Corporations").

      Such a determination plainly "seeks to alter the operation of public law both as applied to

[Plaintiffs] and, by virtue of the legal arguments presented, to other parties going forward."  <u>In re</u>

<u>Sealed Case</u>, 971 F.3d at 329; <u>cf.</u> <u>Hill</u>, 141 F.4th at 299 ("Given the far-reaching consequences of

the relief [plaintiff] seeks," the fourth factor favors disclosure.).  Even if the nature of the relief

4

in this case is perhaps narrower than the relief sought in <u>John Doe Corporation v. Public Company Accounting Oversight Board</u>, 2025 WL 304795 (D.D.C. Jan. 27, 2025), that does not automatically imply that the sought-after relief is individualized.  Nor do Defendant's comparatively lesser reputational concerns, <u>see</u> <u>J.W. v. District of Columbia</u>, 318 F.R.D. 196, 201 (D.D.C. 2016), outweigh the "intensified" interest in proceeding publicly in these circumstances.  <u>In re Sealed Case</u>, 971 F.3d at 329; <u>Hill</u>, 141 F.4th at 299 ("[T]he public interest in understanding the genesis and generator of the litigation is great.").  The fourth factor thus continues to favor disclosure.

Plaintiffs' additional contention that the Court "discount[ed] Doe Corporations' showings on the first and fifth factors" does little to justify reconsideration on its own.  <u>See</u> Recon. Memo, at 3.  The Court fully acknowledges that Plaintiffs possess a substantial privacy interest in this case and little risk of prejudice to IDB from pseudonymity.  <u>See</u> Mem. Op. at 3–5; <u>see also</u> <u>John Doe Co. v. CFPB</u>, 321 F.R.D. 31, 35 (D.D.C. 2017) (finding similar privacy interests for company under government investigation); <u>John Doe Co. No. 1 v. CFPB</u>, 195 F. Supp. 3d 9, 21–22 (D.D.C. 2016) (similar).  But "reputational and financial losses" tend not to "pose threats as grave as the type of threats . . . that most commonly support pseudonymous treatment," <u>John Doe. Co. No. 1</u>, 195 F. Supp. 3d at 23; <u>see also</u> <u>Hill</u>, 141 F.4th at 296 ("The privacy interests that traditionally warrant pseudonymity . . . concern very sensitive information that the public has recognized as insulated from public scrutiny through legal norms and custom."), and there is zero alleged risk of retaliation by Defendant or potential harm to minor children from disclosure.  <u>See</u> Mem. Op. at 4.  The Court thus cannot conclude that Doe Corporations' need for secrecy, in light of their wide-reaching legal arguments, outweighs the interests in judicial openness.

5

As a final note, the Court considers Plaintiffs' contention that applying the fourth factor in this way "would make it impossible for anyone — individual or non-individual — to satisfy this factor when suing official actors . . . whenever their claims . . . implicate questions that could apply to nonparties."  Recon. Memo. at 6–7.  As mentioned above, however, the assigned court here must directly resolve wide-reaching questions about IDB's enforcement authority before it can grant relief to Doe Corporations.  This is amply distinguishable from cases where the relief is focused on the individual but may incidentally touch on broader issues.  Compare T.F. ex rel. Ellern-Feldman v. District of Columbia, No. 23-3612, ECF No. 4 (T.F. Mem. Op.) at 4 (D.D.C. Dec. 7, 2023) (factor supported pseudonymity where "[p]laintiff [sought] to vindicate merely his individual right to a Free and Appropriate Public Education under IDEA") (quotation marks omitted), with Doe A v. Spahn, No. 23-2859, ECF No. 7 (Spahn Mem. Op.) at 4–5 (D.D.C. Oct. 2, 2023) (factor disfavored pseudonymity where plaintiffs alleged that "Peace Corps has a policy or practice of discriminating against individuals like Plaintiffs," which were "far-reaching legal claims") (quotation marks omitted).  Doe Corporations' argument is thus overstated; as long as the relief requested by a plaintiff against an official actor is individualized and does not require a court to grant programmatic relief in the process, the fourth factor favors pseudonymity.  See Hill, 141 F.4th at 300 ("A byproduct of government transparency is that those who seek to alter public law by using the federal courts must, in all but truly exceptional cases, reveal their identity so that the public can understand the issues before the court, the consequences of the court's ruling, and the manner in which the court reached its decision.").

As Doe Corporations have not met their "weighty burden of . . . demonstrating a concrete need" for pseudonymity, In re Sealed Case, 971 F.3d at 326, the Court will deny the Motion.

6

**III.    Conclusion**

The Court accordingly ORDERS that:

1.  Plaintiffs' [8] Motion for Reconsideration is DENIED;

2.  Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing the Complaint on the public docket using their real names, and, if so, shall also file their [2] Motion for Leave to File under Pseudonym and [8] Motion for Reconsideration on the public docket as an appendix to the Notice; and

3.  If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case.

s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  July 30, 2025