APPEAL,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–01404–UNA</u>
### *Internal Use Only*

| | |
|---|---|
| DOE CORPORATION 1 et al v. INTER–AMERICAN DEVELOPMENT BANK | Date Filed: 05/08/2025 |
| Assigned to: Unassigned | Jury Demand: None |
| Cause: 28:1331 Fed. Question | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **DOE CORPORATION 1** | represented by | **Michael Allen McIntosh** |
| | | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | | 1440 New York Avenue, NW |
| | | Washington, DC 20005 |
| | | (202) 371–7201 |
| | | Fax: (202) 661–8201 |
| | | Email: michael.mcintosh@skadden.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Margaret Elizabeth Krawiec** |
| | | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | | 1440 New York Avenue, NW |
| | | Washington, DC 20005 |
| | | (202) 371–7303 |
| | | Fax: (202) 661–9123 |
| | | Email: margaret.krawiec@skadden.com |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **DOE CORPORATION 2** | represented by | **Michael Allen McIntosh** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Margaret Elizabeth Krawiec** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **DOE CORPORATION 3** | represented by | **Michael Allen McIntosh** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Margaret Elizabeth Krawiec** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

1

**Plaintiff**

**DOE CORPORATION 4**                    represented by    **Michael Allen McIntosh**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Margaret Elizabeth Krawiec**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**INTER–AMERICAN
DEVELOPMENT BANK**

**Movant**

**EUGENE VOLOKH**                        represented by    **EUGENE VOLOKH**
*Thomas M. Siebel Senior Fellow Hoover*                   434 Galvez Mall
*Institution, Stanford University*                        Stanford, CA 94305
                                                          650–721–5092
                                                          PRO SE


| Date Filed | # | Docket Text |
|---|---|---|
| 05/08/2025 | 1 | COMPLAINT against INTER–AMERICAN DEVELOPMENT BANK *(Filing fee $ 405 receipt number ADCDC–11677230)* (Fee Status:Filing Fee Waived) filed by DOE CORPORATION 4, DOE CORPORATION 1, DOE CORPORATION 3, DOE CORPORATION 2. (Attachments: # 1 Exhibit A – Filed Under Seal, # 2 Exhibit B – Filed Under Seal, # 3 Exhibit C – Filed Under Seal, # 4 Exhibit D – Filed Under Seal, # 5 Exhibit E – Filed Under Seal, # 6 Exhibit F – Filed Under Seal, # 7 Exhibit G – Filed Under Seal, # 8 Exhibit H – Filed Under Seal, # 9 Exhibit I – IDB Charter, # 10 Exhibit J – 2015 IDB Sanctions Procedures, # 11 Civil Cover Sheet, # 12 Summons to Inter–American Development Bank, # 13 L.R. 26.1 Disclosure Statement Filed Under Seal)(Krawiec, Margaret) (Entered: 05/08/2025) |
| 05/08/2025 | 2 | SEALED MOTION to Proceed Under Pseudonym filed by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4 (Attachments: # 1 Memorandum in Support, # 2 Declaration in Support, # 3 Disclosure Statements, # 4 Exhibit A – Under Seal Exhibit to Complaint, # 5 Exhibit B – Under Seal Exhibit to Complaint, # 6 Exhibit C – Under Seal Exhibit to Complaint, # 7 Exhibit D – Under Seal Exhibit to Complaint, # 8 Exhibit E – Under Seal Exhibit to Complaint, # 9 Exhibit F – Under Seal Exhibit to Complaint, # 10 Exhibit G – Under Seal Exhibit to Complaint, # 11 Exhibit H – Under Seal Exhibit to Complaint, # 12 Declaration of Identity, # 13 Text of Proposed Order)(Krawiec, Margaret) (Entered: 05/08/2025) |
| 05/08/2025 | 3 | MOTION for Preliminary Injunction by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Krawiec, Margaret) (Entered: 05/08/2025) |

| 05/08/2025 | 4 | NOTICE of Appearance by Michael Allen McIntosh on behalf of DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4 (McIntosh, Michael) (Entered: 05/08/2025) |
|---|---|---|
| 05/08/2025 | 5 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ryan D. Junck, Filing fee $ 100, receipt number ADCDC–11678012. Fee Status: Fee Paid. by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. (Attachments: # 1 Declaration of Ryan D. Junck, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Krawiec, Margaret) (Entered: 05/08/2025) |
| 05/14/2025 | 6 | ORDER: The Court ORDERS that: 1) Plaintiffs' 2 Motion for Leave to File Under Pseudonym is DENIED; 2) Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing the Complaint on the public docket using their real names, and, if so, shall also file their 2 Motion on the public docket as an appendix to the Notice; and 3) If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case. Signed by Chief Judge James E. Boasberg on May 14, 2025. (lcjeb3) (Main Document 6 replaced on 5/15/2025) (znbn). (Entered: 05/14/2025) |
| 05/14/2025 | 7 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4 (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order to File Under Seal, # 2 Emergency Motion to Redact, # 3 Exhibit A, # 4 Text of Proposed Order Motion to Redact)(Krawiec, Margaret) (Entered: 05/14/2025) |
| 05/19/2025 | 8 | MOTION for Reconsideration re 6 Memorandum & Opinion,,, Order,, by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Reconsider, # 2 Text of Proposed Order)(Krawiec, Margaret) (Entered: 05/19/2025) |
| 05/21/2025 | 10 | MOTION to Intervene and MOTION to Unseal Document by EUGENE VOLOKH. (Attachments: # 1 Text of Proposed Order)(zmtm) (Entered: 05/28/2025) |
| 05/27/2025 | 9 | MOTION for Extension of Time to *Extend Plaintiffs' Deadline to Comply with the Court's May 14, 2025 Order Pending Resolution of Plaintiffs' Motion to Reconsider* by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. (Attachments: # 1 Text of Proposed Order)(Krawiec, Margaret) (Entered: 05/27/2025) |
| 06/23/2025 | 11 | NOTICE *Regarding Pending Motion to Reconsider* by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4 (Krawiec, Margaret) (Entered: 06/23/2025) |
| 07/30/2025 | 12 | ORDER: The Court ORDERS that: 1) Plaintiffs' 8 Motion for Reconsideration is DENIED; 2) Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing the Complaint on the public docket using their real names, and, if so, shall also file their 2 Motion for Leave to File under Pseudonym and 8 Motion for Reconsideration on the public docket as an appendix to the Notice; and 3) If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case. SIGNED by Chief Judge James E. Boasberg on July 30, 2025. (lcjeb3) (Entered: 07/30/2025) |
| 07/30/2025 | 13 | |

| | | NOTICE of Supplemental Authority by EUGENE VOLOKH re 10 Motion to Intervene, Motion to Unseal Document (zmtm) (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 14 | MOTION to Stay *the Court's July 30, 2025 Order and the Deadline to Effect Service of Process on Defendant* by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. (Attachments: # 1 Text of Proposed Order)(McIntosh, Michael) (Entered: 08/04/2025) |
| 08/04/2025 | 15 | NOTICE OF INTERLOCUTORY APPEAL as to 12 Order on Motion for Reconsideration,,, Set/Reset Deadlines,, 6 Memorandum & Opinion,,, Order,, by DOE CORPORATION 1, DOE CORPORATION 2, DOE CORPORATION 3, DOE CORPORATION 4. Filing fee $ 605, receipt number ADCDC–11864601. Fee Status: Fee Paid. Parties have been notified. (McIntosh, Michael) (Entered: 08/04/2025) |
| 08/13/2025 | 16 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 15 Notice of Interlocutory Appeal,. (zdp) (Entered: 08/13/2025) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**DOE CORPORATION 1, *et al.*,**

      **Plaintiffs,**

         **v.**

**INTER-AMERICAN**
**DEVELOPMENT BANK,**

      **Defendant.**

**Civil Action No. 25-1404**

---

<u>**MEMORANDUM OPINION AND ORDER**</u>

      Plaintiffs are corporate entities who have filed this lawsuit against the Inter-American Development Bank claiming that the IDB has improperly initiated sanctions proceedings against them.  <u>See</u> ECF No. 1 (Compl.), ¶¶ 1–4.  These proceedings, Doe Corporations contend, exceed the authority granted to Defendant in its governing charter and violate its contracts with Plaintiffs.  <u>Id.</u>, ¶ 2.  In a prior Memorandum Opinion, this Court denied Doe Corporations' motion to proceed in this litigation pseudonymously.  <u>See</u> ECF No. 6 (Mem. Op.) at 5–6.  Plaintiffs now move for the Court to reconsider that denial.  <u>See</u> ECF No. 8 (Recon. Mot.) at 1.  The Court declines.

**I.**      **Legal Standard**

      Doe Corporations seek relief pursuant to Federal Rule of Civil Procedure 54(b), which applies to orders that "may be revised at any time."  Relief may be granted pursuant to Rule 54(b) "as justice requires," a standard that may apply where, among other things, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the

1

issue." <u>Cobell v. Norton</u>, 224 F.R.D. 266, 272 (D.D.C. 2004) (quotation marks omitted).  A court's discretion under Rule 54(b), however, is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." <u>Singh v. George Wash. Univ.</u>, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quotation marks omitted).

## II.    Analysis

In their initial motion, Plaintiffs prevailed on the first and fifth factors of the five-factor inquiry from <u>In re Sealed Case</u>, 971 F.3d 324, 326–27 (D.C. Cir. 2020), which determines whether a plaintiff can proceed pseudonymously.  <u>See</u> Mem. Op. at 3–5.  The Court, however, denied that motion because they fell short on the second, third, and fourth factors.  <u>See id.</u> at 5. Doe Corporations now challenge the Court's determination.  Specifically, they contend that the Court was overly "mechanical" in its application of the five-factor test, <u>see</u> ECF No. 8-1 (Recon. Memo) at 2–3, and misapplied the fourth factor.  <u>Id.</u> at 5–7.  The Court will address each argument in turn.

Plaintiffs' first argument largely boils down to the contention that the Court was not flexible enough in applying the five-factor test in this case.  Such an argument, however, "identifies neither a mistake of law nor a justification for relief that the Court has not already considered and rejected." <u>Doe v. Federal Republic of Germany</u>, 2023 WL 4744175, at *2 (D.D.C. July 21, 2023).  Indeed, Doe Corporations' accusation that the Court "engage[d] in a wooden exercise of ticking the five boxes" is altogether incorrect.  <u>See</u> Recon. Memo. at 3 (quoting <u>In re Sealed Case</u>, 931 F.3d 92, 97 (D.C. Cir. 2019)).  First, the Court went well outside the traditional boundaries of the first factor to find that Plaintiffs had provided sufficient information to support pseudonymity.  <u>Compare</u> Mem. Op. at 3–4 (finding first factor favors

2

pseudonymity based on reputational and economic harm), with In re Sealed Case, 971 F.3d at 327 (noting first factor traditionally protects against disclosure of "sensitive or highly personal matter[s]" such as "sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors").  Second, and contrary to Doe Corporations' assertion that the logic of the Court's prior Opinion would prevent non-individual plaintiffs from ever meeting the second factor, see Recon. Memo. at 4, the Court was willing to consider any allegations that Plaintiffs are at risk of retaliation from IDB if their identities are disclosed, even if such risks are not related to physical or mental harm.  See Mem. Op. at 4 (noting that "Plaintiffs do not express any fear that the IDB will retaliate against them" without limiting retaliation to physical or mental harm).  The Court was indeed flexible in considering Doe Corporations' claim; it simply determined that a compelling need for secrecy had not been established.

Plaintiffs' argument, moreover, misconstrues the nature of the pseudonymity inquiry.  As Plaintiffs see it, the Court simply noted that three factors weighed against pseudonymity while two weighed in favor, cursorily noted that three is more than two, and so denied the motion.  See Recon. Memo. at 3.  Not so.  Because "[t]he presumption of openness in judicial proceedings is a bedrock principle of our judicial system, . . . [t]he moving party bears the weighty burden of . . . demonstrating a concrete need for such secrecy" that overcomes the presumption against pseudonymity.  In re Sealed Case, 971 F.3d at 325–26.  Of course, the test is flexible.  But when three factors cut decisively against pseudonymity and Plaintiffs do not make an extraordinarily strong showing on the other two, then a holistic balancing shows that Plaintiffs have not carried their burden.  The difficulty of meeting such a burden is simply reflective of the weighty interests underlying the presumption of openness.  See United States v. Microsoft Corp., 56 F.3d 1448, 1464 (D.C. Cir. 1995) (noting that pseudonymity is "rare dispensation" in legal system)

(quotation marks omitted); <u>Doe v. Hill</u>, 141 F.4th 291, 293 (D.C. Cir. 2025) (same).  That the inquiry is "flexible and fact driven," <u>In re Sealed Case</u>, 971 F.3d at 326, does not mandate an alternative burden for Plaintiffs in this case — it merely requires the Court to "inquire into the circumstances of particular cases to determine whether the dispensation is warranted." <u>Microsoft</u>, 56 F.3d at 1464 (quotation marks omitted).  As the Court has already found, it is not.

Plaintiffs further contend that the Court misapplied the fourth factor of the pseudonymity inquiry.  <u>See</u> Recon. Memo. at 5–7.  That one hinges on "the nature of the relief sought.  When a plaintiff requests individualized relief against a government defendant," then the factor favors pseudonymity.  <u>Doe v. Blinken</u>, No. 24-1629, ECF No. 3 (<u>Blinken</u> Mem. Op.) at 5 (D.D.C. June 11, 2024); <u>Hill</u>, 141 F.4th at 298–99.  Plaintiffs maintain that "they seek only to enjoin the IDB's sanctions proceedings against them," and thus the relief they seek is individualized.  <u>See</u> Recon. Memo. at 6.  The nature of the relief sought actually encompasses something broader: a declaration that the "IDB lacks the authority to initiate sanctions proceedings against Doe Corporations . . . based on alleged actions that occurred exclusively before the start of the parties' contractual relationship."  Compl., ¶ 98.  For the Court to so declare, it must first determine that the IDB's charter, which demarcates its "enforcement authority," <u>id.</u>, ¶ 37, does not grant the IDB authority to begin enforcement proceedings based on pre-contractual behavior writ large.  <u>Id.</u>, ¶ 2 (arguing that Defendant's sanctions against Doe Corporations violate "both its governing charter and its contracts with Doe Corporations").

Such a determination plainly "seeks to alter the operation of public law both as applied to [Plaintiffs] and, by virtue of the legal arguments presented, to other parties going forward."  <u>In re Sealed Case</u>, 971 F.3d at 329; <u>cf.</u> <u>Hill</u>, 141 F.4th at 299 ("Given the far-reaching consequences of the relief [plaintiff] seeks," the fourth factor favors disclosure.).  Even if the nature of the relief

in this case is perhaps narrower than the relief sought in <u>John Doe Corporation v. Public Company Accounting Oversight Board</u>, 2025 WL 304795 (D.D.C. Jan. 27, 2025), that does not automatically imply that the sought-after relief is individualized.  Nor do Defendant's comparatively lesser reputational concerns, <u>see</u> <u>J.W. v. District of Columbia</u>, 318 F.R.D. 196, 201 (D.D.C. 2016), outweigh the "intensified" interest in proceeding publicly in these circumstances. <u>In re Sealed Case</u>, 971 F.3d at 329; <u>Hill</u>, 141 F.4th at 299 ("[T]he public interest in understanding the genesis and generator of the litigation is great.").  The fourth factor thus continues to favor disclosure.

Plaintiffs' additional contention that the Court "discount[ed] Doe Corporations' showings on the first and fifth factors" does little to justify reconsideration on its own.  <u>See</u> Recon. Memo, at 3.  The Court fully acknowledges that Plaintiffs possess a substantial privacy interest in this case and little risk of prejudice to IDB from pseudonymity.  <u>See</u> Mem. Op. at 3–5; <u>see also</u> <u>John Doe Co. v. CFPB</u>, 321 F.R.D. 31, 35 (D.D.C. 2017) (finding similar privacy interests for company under government investigation); <u>John Doe Co. No. 1 v. CFPB</u>, 195 F. Supp. 3d 9, 21–22 (D.D.C. 2016) (similar).  But "reputational and financial losses" tend not to "pose threats as grave as the type of threats . . . that most commonly support pseudonymous treatment," <u>John Doe. Co. No. 1</u>, 195 F. Supp. 3d at 23; <u>see also</u> <u>Hill</u>, 141 F.4th at 296 ("The privacy interests that traditionally warrant pseudonymity . . . concern very sensitive information that the public has recognized as insulated from public scrutiny through legal norms and custom."), and there is zero alleged risk of retaliation by Defendant or potential harm to minor children from disclosure.  <u>See</u> Mem. Op. at 4.  The Court thus cannot conclude that Doe Corporations' need for secrecy, in light of their wide-reaching legal arguments, outweighs the interests in judicial openness.

5

As a final note, the Court considers Plaintiffs' contention that applying the fourth factor in this way "would make it impossible for anyone — individual or non-individual — to satisfy this factor when suing official actors . . . whenever their claims . . . implicate questions that could apply to nonparties."  Recon. Memo. at 6–7.  As mentioned above, however, the assigned court here must directly resolve wide-reaching questions about IDB's enforcement authority before it can grant relief to Doe Corporations.  This is amply distinguishable from cases where the relief is focused on the individual but may incidentally touch on broader issues.  Compare T.F. ex rel. Ellern-Feldman v. District of Columbia, No. 23-3612, ECF No. 4 (T.F. Mem. Op.) at 4 (D.D.C. Dec. 7, 2023) (factor supported pseudonymity where "[p]laintiff [sought] to vindicate merely his individual right to a Free and Appropriate Public Education under IDEA") (quotation marks omitted), with Doe A v. Spahn, No. 23-2859, ECF No. 7 (Spahn Mem. Op.) at 4–5 (D.D.C. Oct. 2, 2023) (factor disfavored pseudonymity where plaintiffs alleged that "Peace Corps has a policy or practice of discriminating against individuals like Plaintiffs," which were "far-reaching legal claims") (quotation marks omitted).  Doe Corporations' argument is thus overstated; as long as the relief requested by a plaintiff against an official actor is individualized and does not require a court to grant programmatic relief in the process, the fourth factor favors pseudonymity.  See Hill, 141 F.4th at 300 ("A byproduct of government transparency is that those who seek to alter public law by using the federal courts must, in all but truly exceptional cases, reveal their identity so that the public can understand the issues before the court, the consequences of the court's ruling, and the manner in which the court reached its decision.").

As Doe Corporations have not met their "weighty burden of . . . demonstrating a concrete need" for pseudonymity, In re Sealed Case, 971 F.3d at 326, the Court will deny the Motion.

**III.    Conclusion**

The Court accordingly ORDERS that:

1.  Plaintiffs' [8] Motion for Reconsideration is DENIED;

2.  Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing the Complaint on the public docket using their real names, and, if so, shall also file their [2] Motion for Leave to File under Pseudonym and [8] Motion for Reconsideration on the public docket as an appendix to the Notice; and

3.  If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case.


s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  July 30, 2025

7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DOE CORPORATION 1,** *et al.*, | |
| **Plaintiffs,** | |
| v. | Civil Action No. 25-1404 |
| **INTER-AMERICAN DEVELOPMENT BANK,** | |
| **Defendant.** | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are corporate entities who have filed this lawsuit against the Inter-American Development Bank, claiming that the IDB has improperly initiated sanctions proceedings against them. See ECF No. 1 (Compl.), ¶¶ 1–4. Doe Corporations allege that those proceedings violate both Defendant's governing charter and its contracts with Plaintiffs. Id., ¶ 2. Concerned that revealing that they are the subjects of the IDB's sanctions proceedings would result in "reputational harm," "crater new business," and "jeopardize existing projects," Doe Corporations now move to proceed under pseudonyms. See ECF No. 2-1 (Mot.) at 2. As Plaintiffs have not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I.    Legal Standard

Generally, a complaint must identify the plaintiff. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of

1

governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.    Analysis

Although their Motion raises close questions, Plaintiffs have, for now, not met their burden to show that their privacy interests outweigh the public's presumptive and substantial interest in learning their identities.  The Court will address each of the five factors in turn.

2

First, disclosure of Plaintiffs' identities will not reveal any information of a "sensitive [or] highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97). The Complaint reveals no "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as sexual activities, reproductive rights, [and] bodily autonomy." Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). Although the harms Plaintiffs allege do not fall into that category, they nonetheless maintain that disclosure would "cause severe reputational and financial harm." Mot. at 9. These concerns are certainly relevant to the first factor. See Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020) (weighing whether disclosure of allegations of professional misconduct against plaintiff would limit her ability to practice medicine). They cannot, however, be mere "speculative and unsubstantiated claims of harm." John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (citation omitted).

Here, Plaintiffs have provided adequate evidence to support "their contention that public disclosure that they are subject to an ongoing [IDB] investigation would likely cause them debilitating reputational and financial hardship." Id. at 21. They submit a declaration from John Doe, the "Group Chief Legal Officer and General Counsel of Doe Corporation 1, the parent company of Doe Corporation 2, Doe Corporation 3, and Doe Corporation 4." ECF No. 2-2 (John Doe Decl.), ¶ 2. Doe explains that "Doe Corporations will suffer severe and permanent harm if their identities are disclosed." Id., ¶ 4. Like the declarant in John Doe Co. No. 1, Doe has "substantial experience" in the relevant industry. Id., ¶ 3. And like the John Doe Co. No. 1 declarant, Doe notes the "highly competitive nature of Doe Corporations' industry" and the likelihood that Plaintiffs will lose business from current and potential customers. Id., ¶ 10; see John Doe Co. No. 1, 195 F. Supp. 3d at 21. He explains that "Doe Corporations rely to a

3

significant degree on their hard-earned reputation for ethical dealings and regulatory compliance when soliciting new customers, maintaining current customers, and obtaining approvals from governments and regulatory authorities typically needed to conduct their business activities"; indeed, "[e]ntities accused of or adjudicated to have engaged in corrupt conduct are often barred from or otherwise disadvantaged in participating in commercial tenders." Doe Decl., ¶ 7. Doe buttresses those assertions with specific examples of harm Doe Corporations have already suffered. He recounts an instance in which a government agency "reversed course and barred [a subsidiary of Doe Corporation 1] from participating in [an] event on account of supposed 'integrity concerns' that the IDB had raised about Doe Corporations." Id., ¶ 9. He also avers that the government of the country in which the relevant commercial project is sited is likely to terminate its agreement with Doe Corporations based on Defendant's allegations. Id., ¶ 11. This, then, is not a case in which Plaintiffs have "merely asserted that disclosure of the ongoing investigation could fracture the plaintiffs' business relationships" or only "loosely identified the mechanism for potential damage but did not more specifically explain why harm was likely to result." John Doe Corp. v. PCAOB, 2025 WL 304795, at *3 (D.D.C. Jan. 27, 2025). Doe Corporations have instead provided sufficient explanations and support to succeed under the first factor.

The second and third factors, however, support disclosure. Plaintiffs do not express any fear that the IDB will retaliate against them, nor do they contend that any minors are involved. Whether these factors are thereby framed as "inapplicable," Doe v. Merrill Lynch, 2016 WL 10844617, at *1 (D.D.C. Apr. 28, 2016), or weighing "in favor of disclosure," id., their disposition makes Plaintiffs' Motion less compelling insofar as they fail to support the use of a pseudonym.

4

The fourth factor also supports disclosure.  The IDB is "an international organization that was created by a multinational agreement."  Compl., ¶ 35.  While it is not a governmental actor, it nevertheless has a quasi-governmental structure and purpose and therefore may "not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing."  J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)).  Regardless of the governmental status of Defendant, moreover, this Court favors pseudonymity in lawsuits against a government defendant only when plaintiffs request individualized relief.  Plaintiffs' challenge is not grounded in their specific circumstances or limited to individualized relief; as they explain, they seek "to resolve questions of law — including those concerning the IDB's immunity and compliance with contractual duties — on an undisputed factual record."  Mot. at 15.  Because their "arguments would clearly apply beyond [their] case," this factor weighs against pseudonymity.  John Doe Corp. v. PCAOB, 2025 WL 304795, at *3.

The fifth factor, on the other hand, supports pseudonymity.  Defendant would suffer no "risk of unfairness" if the Motion were granted, as it is already aware of Plaintiffs' identities.  See Mot. at 15; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).

In sum, the first and fifth factors weigh in favor of granting pseudonymity.  Because the second, third, and fourth factors support disclosure, however, the Court concludes that Doe Corporations have not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit.  In re Sealed Case, 971 F.3d at 326.

**III.    Conclusion**

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion for Leave to File Under Pseudonym is DENIED;

2. Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing the Complaint on the public docket using their real names, and, if so, shall also file their [2] Motion on the public docket as an appendix to the Notice; and

3. If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  May 15, 2025